UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LUCIA TAPIAS,<br><br>    Plaintiff,<br><br>vs.<br><br>MALLET AND COMPANY, INC., and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No: C 16-1104 SBA<br><br>**ORDER GRANTING DEFENDANT'S REVISED EX PARTE APPLICATION**<br><br>Dkt. 44 |

    This matter is before the Court on Defendant's Revised Ex Parte Application to Continue Hearing Date for Motion for Summary Judgment, Trial Date, and Related Dates. Dkt. 44. Defendant seeks leave to take Plaintiff's deposition beyond the discovery cut-off date of July 12, 2017, and to correspondingly continue the dates for the law and motion cut-off, pretrial conference, trial and related filing deadlines by approximately three to four months. Plaintiff opposes the request.

    Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

The Court finds that Defendant has demonstrated good cause to justify the proposed modifications to the pretrial schedule. To comport with the law and motion cut-off date of September 13, 2017, Defendant was required to have filed its dispositive motion by no later than August 9, 2017. Understandably, Defendant desires to take Plaintiff's deposition prior to moving for summary judgment. However, it was not possible for Defendant to schedule Plaintiff's deposition sufficiently in advance of the aforementioned filing deadline due to Plaintiff's delays in providing supplemental responses to Defendant's second set of interrogatories. In addition, Plaintiff was unavailable for deposition in July because her attorney was on vacation for almost the entire month.[1] Although Defendant could have pursued discovery from Plaintiff more expeditiously, the Court finds that, on balance, Defendant has shown good cause for the requested extensions. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendant's ex parte application is GRANTED.

2. The pretrial scheduling order is modified as follows:

    a. Fact discovery is closed, except that Defendant shall have until September 29, 2017, to depose Plaintiff.

    b. The law and motion cut-off date is December 13, 2017.

    c. Pretrial documents shall be filed by January 10, 2018.

    d. Motion in limine/objections to evidence shall be filed by January 17, 2018; oppositions shall be filed by January 24, 2018; and replies shall be filed by January 31, 2018.

    e. The pretrial conference is continued from November 8, 2017, to February 14, 2018.

    f. The trial date is continued from November 13, 2017, to February 26,

---

[1] Plaintiff is incorrect that Defendant should have filed a noticed motion to extend the pretrial deadlines, rather than an Ex Parte Application. Dkt. 46 at 3. As the Court clearly indicated in its prior Order denying Defendant's first Ex Parte Application, requests for "enlargement or shortening of time that alters an event or deadline already fixed by Court order" are governed by Local Rule 6. Dkt. 43. A motion under Local Rule 6 is not a noticed motion. See Civ. L.R. 6-3, 7-1(a)(3).

2018.

3. The Clerk shall issue a Second Amended Order for Pretrial Preparation memorializing the above dates.

IT IS SO ORDERED.

Dated: 9/6/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge